JEROME R. BOWEN, ESQ.
Nevada Bar No. 004540
SARAH M. BANDA, ESQ.
Nevada Bar No. 011909
**BOWEN LAW OFFICES**
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Telephone: (702) 240-5191
Facsimile: (702) 240-5797
Email: twilcox@lvlawfirm.com
*ATTORNEYS FOR DEFENDANT*
*RICHLAND HOLDINGS, INC. D/B/A*
*ACCTCORP OF SOUTHERN NEVADA*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DILYANA PETROVA<br><br>          Plaintiff,<br><br>vs.<br><br>RICHLAND HOLDINGS, INC., d/b/a<br>ACCTCORP OF SOUTHERN NEVADA,<br>A Nevada Corporation<br>          Defendant. | Case No.: 2:15-cv-00795-JAD-VCF |

### DEFENDANT RICHLAND HOLDINGS, INC.'S
### MOTION FOR SUMMARY JUDGMENT

COME NOW, Defendant RICHLAND HOLDINGS, INC. ("RICHLAND'), by and through its attorneys, BOWEN LAW OFFICES, and hereby move this Court for an Order granting Defendant's Motion for Summary Judgment as to all causes of action pursuant to Fed. R. Civ. P. 56.

In the instant litigation, discovery is now closed in this matter, the Plaintiff has failed to set out any facts and or offer any evidence whatsoever that would sufficiently set forth the essential elements for relief as to his allegations that RICHLAND violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 and omits pertinent and/or relevant evidence on which the Complaint necessarily relies, which eviscerates Plaintiff's allegations and justifies a summary disposition of Plaintiff's claims. Similarly, 'the pleadings,  answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See <u>Dinella v. Friedmutter Group</u>, 2007 WL 956899, *1 (D.Nev.).

This Motion is made and based on the papers and pleadings on file herein, the following Points and Authorities, the exhibits attached hereto, and any oral argument permitted at the hearing of this matter.

DATED this 22nd day of January, 2016..

BOWEN LAW OFFICES

<u>/s. Sarah M. Banda, Esq.</u>
JEROME R. BOWEN, ESQ.
Nevada Bar No. 4540
SARAH M. BANDA, ESQ.
Nevada Bar No. 11909
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
ATTORNEYS FOR DEFENDANTS
RICHLAND & BOWEN

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.

<u>STATEMENT OF FACTS</u>

Dilyana Petrova entered into a valid and binding contract with Integrative Family Medicine, LLC for medical services. Plaintiff incurred charges relating to the contract. Plaintiff became delinquent on this account on or about September 15, 2011 by failing to pay for the medical services received. Plaintiff owed Integrative Family Medicine, LLC an outstanding balance of $296.00, which Plaintiff refused to pay. In or about February 2015, Integrative Family Medicine, LLC assigned Ms. Petrova's account to RICHLAND for collection.

RICHLAND retained counsel, BOWEN, to represent it in the legal matter against Plaintiff for collection of the outstanding debt. A Complaint was filed against Plaintiff in the Las Vegas Justice Court in March of 2015, case no. 15C004949.[1]  As a result of the aforementioned proceedings, Plaintiff filed suit herein.

## II.

## ARGUMENT

### A. LEGAL STANDARD RELATED SUMMARY JUDGMENT

"Summary judgment is not treated as 'a disfavored procedural shortcut,' but as 'an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" See Dinella at *1. Under our facts in this case, the exhibits in support thereof, the BOWEN can and will demonstrate that there is no genuine issue of material fact related to any of Plaintiff's causes of action.

The Federal Rules of Civil Court Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See id. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." Diaz v. Eagle Produce, ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing United States v. Shumway, 199 F.3d 1093, 1103-04 (9th Cir. 1999)). A principal purpose of summary

---

[1] See Exhibit 1, Request for Judicial Notice filed concurrently herewith

judgment is "to isolate and dispose of factually unsupported claims." Celotex Corp. V. Catrett, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issues of fact on each issue material to its case." C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc., 213 F.3d 474, 480 (9th Cir. 2000)(citations omitted)

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways; (1) by presenting evidence to negate the essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to the party's cause on which the party will bear the burden of proof at trial. See Celotex Corp., 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. See Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 457 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not to establish a material issue of fact conclusively in its favor. It is sufficient that the "claimed factual dispute be shown to require a jury or judge to resolve the parties' differing views of the truth at trial." T.W. Elec. Serv., Inc. V. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. See Taylor v. List, 880 F. 2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

pleadings set forth specific facts by producing competent evidence that shows a genuine issue for trial. See Celotex Corp., 477 U.S. at 324.

At summary judgment, a court's function is not to weight the evidence to determine the truth but to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. The evidence of a nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." Id. At 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgement may be granted. See Id. At 249-50.

**B.  PLAINTIFF'S FACTUAL ALLEGATIONS ARE NOT SUPPORTED BY ANY EVIDENCE AND THUS MUST FAIL AS A MATTER OF LAW**

Plaintiff makes the following factual allegations in her Complaint: The below factual allegations are the basis for Plaintiff's Claims for Relief against RICHLAND which alleges violations of sections 1692g(a),1692e(2)(A), 1692e(8), 1692e(9), 1692e(10), and 1692e(13) of the Fair debt Collection Practices Act:

> **1.  Richland's ... initial letter fails to provide validation language required by 1692g(a) ¶ 19;**

Given that Plaintiff has not produced any evidence or set forth any facts to support this claim it must fail as matter of law. In Kerwin v. Remittance Assistance Corp., 559 F.Supp.2d 1117, 1121 (D. Nev., 2008), the Court stated that the moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). On those issues, for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." (citations omitted) The Kerwin Court also stated, "A plaintiff carries the burden of proving that a defendant debt-collector placed abusive phone calls." Id. at 1124.  Plaintiff does not identify

the alleged "initial letter". Plaintiff's allegations for her First Claim for Relief allege that RICHLAND's initial communication with Ms. Petrova violates 15 USC § 1692g(a). This is simply not true. Plaintiff misleads the Court that the first communication between RICHLAND and Ms. Petrova was Exhibit 1 attached to the Amended Complaint on file herein. RICHLAND sent out -__ letters prior to the filing of a lawsuit. See Debtor History Report and form letters. As you can see the correspondence complies with 15 USC § 1692g(a). Thus, no violation of the FDCPA.

Thus, the evidence or lack thereof by the Plaintiff supports Defendant RICHLAND's summary judgment as to Plaintiff's First Claim for Relief, that the there was no violation of 1692g(a) as a matter of law.

2. **Richland. . .may not use or distribute "any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates false impression as to its source, authorization, or approval." ¶ 34**

3. **Richland. . .misrepresented or implied that documents were of legal process. ¶ 36;**

4. **Richland. . . . used "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" ¶ 35 & 44;**

5. **Richland.... misrepresented "the character, amount, or legal status of any debt" ¶ 42**

6. **Richland.... communicated or threatened to communicate to any person credit information which is known or which should be known to be false ¶ 43**

These allegations are false and unsupported. Plaintiff has produced no evidence or set forth any facts to support that any amounts are erroneous or anything was misrepresented. The underlying collection Complaint (Case No. 15C004949 in the Justice Court in the Las Vegas Township, hereinafter referred to "Collection Lawsuit"), of which this Court can take judicial notice, clearly stated that in addition to the amounts stated therein attorney's fees and costs were also being sought,

and interest continued to accrue. Said amounts are accruing and do not need to be stated with specificity in the Complaint. Thus no violation of the FDCPA is present. However, instead the Plaintiff coincidentally omitted important documents signed by the Plaintiff herself which specifically provided for the relief requested in the underlying Collection Lawsuit. <u>See</u> Exhibit 1-3 of the Declaration of Sarah M. Banda, Esq. Filed concurrently herewith.

Pursuant to the contract between Integrative Family Medicine, LLC and Plaintiff RICHLAND, through its assignment, was authorized, pursuant to this valid agreement creating such an obligation, to include in its Complaint monies due and owing for attorney's fees, court costs, filing fees, interest, collection expenses and/or other charges assessed by the collection agency retained to pursue the matter, as follows:

### AGREEMENT OF FINANCIAL RESPONSIBILITY

I/WE DO HEREBY AGREE, ALL INVOICE PAST DUE BY THIRTY (30) DAYS WILL BE CHARGED INTEREST AT THE CONTRACTUAL RATE OF TWO PERCENT (2%), PER MONTH. **I/WE DO HEREBY AGREE TO PAY ALL COLLECTION FEES, ATTORNEY FEES, SERVICE FEES AND COURT COSTS, WHICH MAY ACCRUE, IF PAYMENT IS NOT RECEIVED ON MY/OUR BALANCE, AND MY/OUR ACCOUNT IS REFERRED TO YOUR COLLECTION AGENCY.** I GIVE FROM MY MEDICAL CHART INCLUDING BUT NOT LIMITED TO DEMOGRAPHIC INFORMATION TO A THIRD PARTY COLLECTION COMPANY AND/OR ATTORNEYS ASSOCIATED WITH THE COLLECTIONS OF MY ACCOUNT.
I/WE CERTIFY WE HAVE READ AND UNDERSTOOD AND AGREE TO ALL OF THE ABOVE INFORMATION PROVIDED. I/WE CERTIFY THE INFORMATION PROVIDED IS TRUE AND CORRECT TO THE BEST OF MY/OUR KNOWLEDGE.

<u>See</u> Exhibit 3 attached to the Declaration of Sarah M. Banda, Esq.

FDCPA 15 U.S.C. § 1692f(1) provision of the Act permits the collection of interest, fee, charge, or expense incidental to the principal obligation if said amount is expressly authorized by the agreement creating the debt or permitted by law. Here, it is expressly authorized by the agreement creating the debt.

The document is central to Plaintiff's claim as Plaintiff is incorrectly asserting RICHLAND has violated several provisions of he FDCPA, i.e. 15 USC 1692e(2)(A); 1692e(8), 1692e(9),

1692e(10) and 1692e(13). Given the signed agreement (i.e. for the payment of court fees, collection fees, etc.) exists. As the inclusion of collection and/or court fees, for example, in the Defendant's Collection Lawsuit in case No. 15C004949 was not in violation of the FDCPA. Thus, Plaintiff's cannot sustain the allegations in her Complaint, Defendant's Motion Summary Judgment should be granted.

Thus, the evidence supports Defendant RICHLAND's summary judgment as to Plaintiff's Second and Third Claims for Relief, that the there was no violation of the FDCPA as a matter of law.

### III.

### CONCLUSION

As set forth above, there is no genuine issue of material fact as to any of the Plaintiff's causes of action or allegations. Once again, Plaintiff's allegations, which stem from the underlying Las Vegas Justice Court action, do not support its claims for relief that RICHLAND violated the Fair Debt Collection Practices Act. Accordingly, Defendant RICHLAND respectfully request the Court grant RICHLAND'S summary judgment in its entirety.

DATED this 22nd day of January, 2016.

BOWEN LAW OFFICES

./s. Sarah M. Banda, Esq.
JEROME R. BOWEN, ESQ.
Nevada Bar No. 4540
SARAH M. BANDA, ESQ.
Nevada Bar No. 11909
9960 W. Cheyenne Ave., Suite **250**
Las Vegas, Nevada 89129
ATTORNEYS FOR DEFENDANT