KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DILYANA PETROVA, an individual, on behalf of herself and those similarly situated;<br><br>       Plaintiffs,<br><br>vs.<br><br>RICHLAND HOLDINGS, INC. dba ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation;<br><br>       Defendant. | Case No.:  2:15-cv-00795<br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

COMES NOW, PLAINTIFF, DILYANA PETROVA ("PLAINTIFF"), by and through her attorney of record, Keren E. Gesund, Esq. of GESUND & PAILET, LLC, and hereby submits PLAINTIFF'S Opposition to DEFENDANT's Motion for Summary Judgment.

///

///

///

///

///

///

PLAINTIFF makes this Opposition based on the papers and pleadings on file herein, the following Points and Authorities, the exhibits attached hereto, and any oral argument permitted at the hearing of this matter.

DATED this 15th day of February, 2016.

**GESUND & PAILET, LLC**

_Keren E. Gesund, Esq._
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
_Attorney for Plaintiff_

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF UNDISPUTED FACTS**

1.      On or about April 16, 2015, PLAINTIFF was served with a summons and complaint entitled _Richland Holdings, Inc. dba AcctCorp of Southern Nevada vs. Dilyana Petrova_, Case No. 15C004949.  _See_ Affidavit of Dilyana Petrova ("ADP") ¶ 3, attached hereto as **Exhibit 1**.

2.      Included with the summons and complaint was a collection notice, which among other things, states "DEAR SIR OR MADAM: YOU HAVE BEEN SERVED" and "IF YOU WISH TO DISCUSS THIS MATTER PLEASE CALL ACCTCORP OF SOUTHERN NEVADA".  _Id_. at ¶ 4.

3.      In the collection complaint, DEFENDANT sought $444 for "Medical Services, including Contractual Collection Fee, plus Interest thereon at the Contractual Rate of 24.00% which is an amount equal to $266.25 from Date of First Delinquency, plus Costs, until paid." *See* Second Affidavit of Dilyana Petrova ("SADP") ¶ 4, attached hereto as **Exhibit 2**.

4.      Thus the collection complaint sought a total of $710.25, excluding reasonable attorney's fees and costs. *Id.*

5.      In March of 2015, DEFENDANT reported that Plaintiff owes $926.00 to credit reporting agencies. *Id.* at ¶ 5.

6.      DEFENDANT attested that the $926 was comprised of the following: "$296.00 assigned account balance from Integrative family Medicine, LLC, plus $148.00 contractual collection fee as shown on Affidavit of Custodian of Records, Interest as of 2/28/2015 was $266.55, fees/costs incurred for collection was $100.00 skip trace fee". DEFENDANT incurred a "filing fee of $74.00 (see Register of Action) – but with e-filing fee the total was $76.22 Then had a process serving fee of $30.00 (see invoice 7690), more interest accrued from 2/28/2015 through 04/17/205 in the sum of $3.07 (plus continued to accrue at $0.06 per day), and copy costs of $3.16, plus e-filing fees of $3.00. TOTAL AS OF 4/17/2015 = 926.00". *See* Defendant's Responses to Plaintiff's Second Set of Interrogatories, a true and correct copy is attached hereto as **Exhibit 3**, Response No. 18.

7.      According to DEFENDANT, the discrepancy between the amount credit reported and the amount sought in the collection complaint is the inclusion/exclusion of attorney fees and costs. The complaint contained a lower number because it sought "in addition to the amounts stated therein attorney's fees, costs and interest." *Id.* at Response No. 19.

- 3 -

8.      However, pursuant to DEFENDANT's method of calculation, the debt owed, before legal fees and costs, totals $810.55, not the $710.25 sought in the collection complaint. *Id.* at Response No. 18.

## II.

## LAW AND ARGUMENT

A. **Legal Standard**

   a. **Motion for Summary Judgment**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(c).   In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154 (9th Cir. 2001).

In FDCPA cases, the Court must determine, as a matter of law, whether a collection letter is deceptive or misleading in violation of 15 U.S.C. § 1692e of the FDCPA.   *See Canlas vs. Eskanos & Adler, P.C.*, 2005 WL 1630014 at *6 (N.D. Cal. July 6, 2005), *Gonzales v. Arrow Fin. Servs., LLC.* 660 F.3d 1060 (9th Cir. 2011).

   a. **Fair Debt Collection Practices Act**

      i. Section 1692e of the FDCPA states in pertinent part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)(A) The false representation of . . . the character, amount, or legal status of any debt.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval.

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(13) The false representation or implication that documents are legal process.

ii.   The Least Sophisticated Consumer

"The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales,* 660 F.3d at 1060-61. "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." *Id.* "Whether conduct violates Section 1692e, requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication'". *Id.* (*quoting Donohue vs. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)).

"The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'". *Id.* "The standard is 'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve' particularly when those individuals are targeted by debt collectors." *Id.*

B. **Defendant violated 15 U.S.C. §§ 1692e (9), (10), and (13), by falsely implying that the collection letter it served on Plaintiff was a court document and associated with legal process.**

The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt, including (1) issuing a communication

- 5 -

"which simulates or is falsely represented to be a document authorized, issued, or approved by any court" and (2) misrepresenting or implying "that documents are legal process." 15 U.S.C. §§ 1692e (9), (10), and (13).

DEFENDANT violated 15 U.S.C. §§ 1692e(9), (10), and (13), by having a process server serve an ambiguous collection letter on Plaintiff, with the summons and complaint, intending to deceive PLAINTIFF into believing the collection letter was approved by the court and part of legal process.  *See* <u>Exhibit 1</u>, ¶4.  The letter, on a blank piece of paper simply begins:

**DEAR SIR OR MADAM:**

**YOU HAVE BEEN SERVED**

IF YOU WISH TO DISCUSS THIS MATTER PLEASE CALL

ACCTCORP OF SOUTHERN NEVADA
4955 S DURANGO DRIVE, SUITE 177
LAS VEGAS NB 89113-0155
(702) 240-3007

The objective least sophisticated consumer, unfamiliar with legal process, would not be able to distinguish (in a stack of legal documents served by a process server or sheriff) which document was part of process and which was not.  Especially when the document is not on letterhead.  *Id*.  Exhibit 2 of DEFENDANT'S Motion for Summary Judgment contains a number of DEFENDANT'S form letters.  (Dkt. No. 30-1, pgs 9-12).  They all have prompts in the left hand corner for the company's name, address and phone number along with the consumer's name, phone number, and account number.  *Id*.  In other words, they look like standard letters. Notably, none of them resemble the collection notice appended to the summons and complaint served on PLAINTIFF.  The only reason to change the form letter and have a process server serve the ambiguous collection letter on Plaintiff, is to deceive PLAINTIFF into believing the collection letter was approved by the court and part of legal process.

That the bottom of the collection letter states "[t]his is an attempt to collect a debt from a debt collection agency, and any information obtained will be used for that purpose" does not distinguish the notice from the summons and complaint.  It is not uncommon for a summons or even complaint to contain similar language.  PLAINTIFF respectfully requests this honorable Court take judicial notice of a collection complaint filed in Justice Court, Henderson Township, Case No. 15CH000791 entitled *Clark County Collection Service, LLC vs. Patricia Arellano*, a copy of which is attached hereto as **Exhibit 4**.  The second paragraph states, in pertinent part: "Please be advised that this is an attempt to collect a debt and any information obtained will be used for that purpose."  *Id*. at lines 19-20.  PLAINTIFF also respectfully requests this honorable Court take judicial notice of the summons attached to another collection complaint, filed in Justice Court, Henderson Township, Case No. 15CH2226, entitled *Advance Group, Inc. dba Rapid Cash vs. Adam StPierre*, a copy of which is attached hereto as **Exhibit 5**.  The third paragraph from the bottom of the summons states: "**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**"

In its Motion for Summary Judgment, DEFENDANT claims that the signed agreement between PLAINTIFF and Integrative Family Medicine, LLC, is "central to Plaintiff's claim" that DEFENDANT violated several provisions of the FDCPA, including 15 U.S.C. §§ 1692e (2)(A), (8), (9), (10), and (13).  This is simply not true.  The signed agreement has absolutely no relevance as to whether DEFENDANT's collection letter violated 15 U.S.C. §§ 1692e (9), (10), and (13).

Only the Court can determine, *as a matter of law*, whether a collection letter is deceptive or misleading in violation of the FDCPA.  *See Canlas vs. Eskanos & Adler*, P.C., 2005 WL 1630014 at *6 (N.D. Cal. July 6, 2005); *Gonzales*, LLC. 660 F.3d at 1060.  The signed agreement

1  has no bearing whatsoever on such a determination.  In the instant matter, the least sophisticated

2  consumer, served an ambiguous collection notice appended to the summons and complaint,

3  would believe that the letter was approved by the court and part of legal process.

4       Based on the foregoing, PLAINTIFFF respectfully requests this honorable Court find that

5  DEFENDANT violated the FDCPA as a matter of law and deny DEFENDANT'S motion for

6  summary judgment.

7

8       C.  **Defendant violated 15 U.S.C. §§ 1692e (2)(A) and (8) by misrepresenting the
           amount of the debt in its collection letter and credit reporting an inaccurate
9          amount.**

10      DEFENDANT violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the

11  debt in the complaint when DEFENDANT sought $710.25 in its complaint, but informed the

12  credit reporting agency that it sought $810.55 before legal fees and costs.[1]  Providing conflicting

13  statements regarding the amount of the outstanding debt can "confuse the 'least sophisticated

14  consumer' as to the amount of the debt owed", resulting in a violation of § 1692e(2)(A).

15  *Suquilanda v. Cohen & Slamowitz*, LLP, 2011 U.S. Dist. LEXIS 102727, at *25 (S.D.N.Y. Sept.

16  7, 2011).

17

18      Alternatively, if the amount in the complaint was correct, then DEFENDANT

19  communicated false information to the credit reporting agency and therefore violated 15 U.S.C. §

20  1692e(8).

21

22      In its Motion for Summary Judgment, DEFENDANT confuses the issue.  DEFENDANT

23  draws attention to the signed agreement between PLAINTIFF and Integrative Family Medicine,

24  LLC, to demonstrate that PLAINTIFF agreed to pay collection fees, attorney fees, service fees,

25  and court costs.  From this, DEFENDANT concludes that PLAINTIFF is "incorrectly asserting"

26  that DEFENDANT violated 15 U.S.C. § 1692e(2)(A) and (8).

27

28

---

[1] DEFENDANT credit reported PLAINTIFF owed $926 as of April 2015.  DEFENDANT attests of that $926, $810 was owed excluding legal fees and costs. *See* <u>Exhibit</u> 3 at Response No. 18.

Again, under these facts, the signed agreement has no relevance as to whether DEFENDANT violated 15 U.S.C. §§ 1692e(2)(A) and (8), which is a question of law for the Court to decide. *Gonzales*, 660 F.3d at 1061, n.3.  PLAINTIFF argues that, *even after calculation of the relevant fees and costs*, DEFENDANT either misrepresented the amount of the debt in the complaint (§ 1692e(2)(A)), or supplied false information to the credit reporting agency (§ 1692e(8)).  Under these facts, terms of the signed agreement do not affect the Court's determination as to whether DEFENDANT violated either subsection.

Here, DEFENDANT provided conflicting statements regarding the amount of the outstanding debt by claiming in the collection complaint that PLAINTIFF owed $710.25, excluding reasonable attorneys' fees and costs, but credit reporting that she owed $810.55 before legal fees and costs.  *See* Exhibit 3 at Response 18.  In short, DEFENDANT sought collection of two different amounts.  If DEFENDANT misrepresented the amount in the complaint, then DEFENDANT violated 15 U.S.C. § 1692e(2)(A).  If the amount in the complaint was indeed correct, then DEFENDANT violated 15 U.S.C. § 1692e(8) by supplying false information to a credit reporting agency.

Based on the foregoing, PLAINTIFF respectfully requests this Court find DEFENDANT violated the FDCPA as a matter of law and deny DEFENDANT's Motion for Summary Judgment as to the 15 U.S.C. § 1692e(2)(A) and (8) claims.

**III.**

**CONCLUSION**

Service of the collection letter, described above, along with the summons and complaint would cause the least sophisticated consumer to believe it was part of legal process and approved by the court.  Furthermore, supplying different amounts in the complaint and to the credit reporting agencies either misrepresents the amount in the complaint, or forces the

conclusion that DEFENDANT supplied false information to the credit reporting agency. Based on the foregoing, the Court should grant PLAINTIFF'S Motion For Summary Judgment in its entirety and deny DEFENDANT'S Motion for Summary Judgment.

DATED this 15th day of February, 2016.

**GESUND & PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff,*
*Dilyana Petrova*

- 10 -