MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@bourassalawgroup.com

KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd., Ste 101
Las Vegas, NV  89117
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DILYANA PETROVA, an individual, on behalf of herself and those similarly situated;<br><br>                Plaintiffs,<br><br>vs.<br><br>RICHLAND HOLDINGS, INC. dba ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation,<br><br>                Defendant. | Case No.:  2:15-cv-00795<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING THE COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO HER THIRD CAUSE OF ACTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S THIRD CAUSE OF ACTION** |

COMES NOW, Plaintiff, DILYANA PETROVA (hereinafter referred to as "PLAINTIFF"), by and through her attorney of record, Keren E. Gesund, Esq. of GESUND & PAILET, LLC, and hereby submits Plaintiff's Motion for Reconsideration.

///

///

This Motion is made and based upon the pleadings and records on file herein, the following Memorandum of Points and Authorities, and such evidence and argument as may be presented at the hearing on this Motion, if any.

DATED this 21st day of March 2016.

**GESUND & PAILET, LLC**

/s/ Keren E. Gesund, Esq.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd., Ste 101
Las Vegas, NV  89117
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On or about January 22, 2016, Plaintiff filed her Motion for Partial Summary Judgment. (Dkt. No. 29).  Plaintiff alleged Defendant misrepresented the amount of the outstanding debt by claiming in the collection complaint that Plaintiff owed $710.25, excluding reasonable attorney's fees and costs, but credit reporting that she owed $810.55, pre legal fees and costs. *Id*.

On or about March 7, 2016, the Court heard oral argument on Plaintiff's Motion for Partial Summary Judgment, denied Plaintiff's motion and granted Defendant's cross motion for summary judgment as to Plaintiff's third cause of action. (Dkt. No. 43). This Honorable Court found that Defendant had met its burden of proof by providing, in its discovery responses, the numbers totaling the amount credit reported, which adequately explained the discrepancy between the amount sought in the complaint and the amount credit reported.  Plaintiff has tallied the numbers again and continues to arrive at a $100 difference.

As such, Plaintiff respectfully files this Motion for Reconsideration based on Plaintiff's belief that the Court did not accurately calculate the relevant monetary amounts when it ruled against Plaintiff.

**LAW AND ARGUMENT**

I.      **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. However, "[a]s long as a district court has jurisdiction over the over the case, then it possesses the inherent procedure power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

Other districts within the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders; however, the District of Nevada has not done so. *See McGee v. Donahoe*, 2014 U.S. Dist. LEXIS 123384, 2014 WL 43844985, at *2 (D. Nev. Sept. 4, 2014). "Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e)." *Id.* (citing Henry v. Rizzolo, No. 8-00635, 2010 U.S. Dist. LEXIS 94643, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010)).

Thus, in the District of Nevada, a motion for reconsideration must set forth: "(1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Id.* (citing Henry, 2010 U.S. Dist. LEXIS 94643, 2010 WL 3636278, at *1): *see also Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (using same standard in motion for reconsideration of district court's denial of defendant's motion to dismiss); *Fetrow-Fix v. Harrah's Entm't, Inc*., 2011 U.S. Dist. LEXIS 61743, 2011 WL 2313650, at *1-2 (D. Nev. June 9, 2011).

Additionally, reconsideration is appropriate if the court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Henry*, 2010 U.S. Dist. LEXIS 94643, 2010 WL 3636278, at *1; see also *Nunes*, 375 F.3d at 807-08; *Frasure*, 256 F. Supp. 2d at 1183.

## II.     The Court Did Not Correctly Calculate the Amount that Defendant Credit Reported

On or about March 16, 2015, Defendant sought $710.25 in a lawsuit against Plaintiff. (Dkt. No. 29, Statement Of Undisputed Facts, ¶ 1). According to Defendant, the debt totaled $710.25, prior to the inclusion of any legal fees or costs. *Id*. at ¶ 2.  However, Defendant credit reported that Plaintiff had a deficient balance of $810.55, prior to the inclusion of any legal fees or costs. *Id*. at ¶¶ 4-5. Defendant attested, in its discovery responses that, as of April 17, 2015, the $926.00 that was credit reported was comprised of the following:

**Debt pre legal fees and costs:**

$296.00 Principal Balance
$148.00 Collection Fee
$266.55 Interest as of 2/29/2015
$100.00 Skip Trace Fee
**Total:  $810.55**

Thereafter, the matter proceeded to litigation.   A complaint was filed on March 16, 2015.  Defendant attested the following legal fees and costs were incurred:

**Litigation fees and costs:**

$76.22 E-filing Fee
$30.00 Process Serving Fee
$3.16 Copy Costs
$3.00 Additional E-filing Fee
$3.07 Interest from 2/28/2015 through 04/17/2015
**Total: $115.45**

**Grand Total Credit Reported: $926.00 ($810.55 + $115.45)**

1  *Id*. at ¶ 5.[1]

2      If one adds up the following figures, before legal fees and costs, the total is $810.55, and

3  that figure is what Defendant should have notified Plaintiff it sought in the complaint, instead of

4  $710.25. Such inconsistencies could mislead the least sophisticated consumer as to the amount

5  of debt owed. *See e.g. Suquilanda v. Cohen & Slamowitz*, LLP, 2011 U.S. Dist. LEXIS 102727

6  (S.D.N.Y. Sept. 7, 2011) and *Richardson v. Rosenberg & Assocs. LLC*, 2014 U.S. Dist. LEXIS

7  26166 (D. Md. Feb. 27, 2014).   Accordingly, based on her belief that the Court incorrectly

8  calculated the above amounts, Plaintiff respectfully requests that the Court reconsider its ruling

9  denying Plaintiff's Partial Motion for Summary Judgment (Dkt. No. 29) and granting

10  Defendant's Motion for Summary Judgment as to Plaintiff's third cause of action (Dkt. No. 30).

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21

22

23  _____

24  [1]  According to Defendant's Response to Interrogatory No. 18, the $926 credit reported is comprised of the following: "$296.00 assigned account balance from Integrative family Medicine, LLC, plus $148.00 contractual collection fee as shown on Affidavit of Custodian of Records, Interest as of 2/28/2015 was $266.55, fees/costs incurred for collection was $100.00 skip trace fee, which included but is not limited to running a work number report, Pacer search for bankruptcy, credit reports, DMV search, etc..***The matter proceeded to litigation***, a Complaint filed on 3/16/2015 and incurred a filing fee of $74.00 (see Register of Action) – but with e-filing fee the total was $76.22 Then had a process serving fee of $30.00 (see invoice 7690), more interest accrued from 2/28/2015 through 04/17/2015 in the sum of $3.07 (plus continued to accrue at $0.06 per day), and copy costs of $3.16, plus e-filing fees of $3.00.  TOTAL AS OF 4/17/2015 = 926.00". (Emphasis added).

25

26

27

28

1

## CONCLUSION

2

Based on the foregoing, Plaintiff respectfully requests this Honorable Court reconsider

3
its ruling denying Plaintiff's Partial Motion for Summary Judgment (Dkt. No. 29) and granting

4
Defendant's Motion for Summary Judgment as to Plaintiff's third cause of action (Dkt. No. 30).

5

DATED this 21st day of March 2016.

6

7                                          **GESUND & PAILET, LLC**

8
                                           /s/ Keren E. Gesund, Esq.
9                                          Nevada Bar No. 10881
                                           **GESUND & PAILET, LLC**
10                                         8668 Spring Mountain Rd., Ste 101
                                           Las Vegas, NV  89117
11                                         Tel: (702) 300-1180
                                           Fax: (504) 265-9492
12                                         keren@gp-nola.com
                                           *Attorney for Plaintiff*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28