UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Dilyana Petrova,<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>Richland Holdings, Inc. dba Acctcorp of Southern Nevada,<br><br>　　　　Defendant | Case No.: 2:15-cv-0795-JAD-VCF<br><br>**Order Granting Motion<br>for Summary Judgment**<br><br>**[ECF No. 49]** |

After an initial round of cross-motions for summary judgment, plaintiff Dilyana Petrova was left with a single claim that debt collector Richland Holdings violated section 1692g(a) of the Fair Debt Collection Practices Act (FDCPA) because it failed to send her the written notice of her debt required by that section of the Act. Richland now moves for summary judgment, offering evidence that Petrova received the allegedly missing letter.[1] Petrova concedes in a "non-opposition" that she "no longer believes Defendant violated" the Act, does not intend to pursue her claim, and does not oppose summary judgment.[2]

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences.[3] As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion," and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. . . ."[4]

Richland's authenticated evidence demonstrates that Petrova received the letter whose

---

[1] ECF No. 49.

[2] ECF No. 54.

[3] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

[4] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

alleged absence formed the basis for her FDCPA claim.[5] This evidence shifted the burden to Petrova to identify issues of fact that preclude summary judgment.[6] Petrova has specifically disclaimed the existence of those fact issues, tacitly acknowledging that summary judgment is appropriate. Because there are no genuine issues of fact that support Petrova's FDCPA claim, Richland is entitled to judgment as a matter of law.

## ORDER and JUDGMENT

Accordingly, WITH GOOD CAUSE APPEARING AND NO REASON FOR DELAY, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that

- **Richland's Motion for Summary Judgment [ECF No. 49] is GRANTED.**
- **The Clerk of Court is directed to ENTER JUDGMENT in favor of Richland and against Plaintiff Petrova and CLOSE THIS CASE.**

DATED November 17, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[5] ECF No. 49-1.

[6] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).